Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Candy Carrell**, an Arizona resident; and **Geno Carrell**, an Arizona resident;<br><br>Plaintiffs,<br><br>v.<br><br>**Sierra Inn Prescott, LLC**, an Arizona company; **David Burnette,** an Arizona resident; and **Lee Lee Burnette,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiffs Candy Carrell and Geno Carrell ("**Plaintiffs**"), for their Verified Complaint against Defendants Sierra Inn Prescott, LLC ("**Sierra Inn**"); David Burnette; and Lee Lee Burnette (**"Defendants"**), hereby allege as follows:

**NATURE OF THE CASE**

1.  Plaintiffs bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and failure to pay minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiffs were employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Candy Carrell resided in the District of Arizona.

7. Beginning July 1, 2017 to the present, Plaintiffs Candy Carrell and Geno Carrell were a legally married couple.

8. At all relevant times to the matters alleged herein, Plaintiff Candy Carrell was a full-time employee of Defendants from on or around September 14, 2020 until on or around December 8, 2020.

9. At all relevant times to the matters alleged herein, Plaintiff Candy Carrell was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times to the matters alleged herein, Plaintiff Candy Carrell was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. At all relevant times to the matters alleged herein, Plaintiff Candy Carrell

was a non-exempt employee.

12. At all relevant times to the matters alleged herein, Plaintiff Geno Carrell resided in the District of Arizona.

13. At all relevant times to the matters alleged herein, Plaintiff Geno Carrell was a full-time employee of Defendants from on or around September 14, 2020 until on or around November 20, 2020.

14. At all relevant times to the matters alleged herein, Plaintiff Geno Carrell was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

15. At all relevant times to the matters alleged herein, Plaintiff Geno Carrell was an employee of Defendants as defined by A.R.S. § 23-362(A).

16. At all relevant times to the matters alleged herein, Plaintiff Geno Carrell was a non-exempt employee.

17. Defendant Sierra Inn is a company authorized to do business in Arizona.

18. Defendant Sierra Inn was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

19. Defendant Sierra Inn was Plaintiffs' employer as defined by A.R.S. § 23-362(B).

20. Defendant David Burnette is an Arizona resident.

21. Defendant David Burnette has directly caused events to take place giving rise to this action.

22. Defendant David Burnette is the owner of Sierra Inn.

23. Defendant David Burnette is a manager of Sierra Inn.

24. Defendant David Burnette is an employer of Sierra Inn.

25. Defendant David Burnette has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

26. Defendant David Burnette has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-362(B).

27. Defendant David Burnette had the authority to hire and fire employees.

28. Defendant David Burnette had the authority to hire and fire Plaintiffs.

29. In or around August 2020, Defendant David Burnette interviewed and hired Plaintiff Candy Carrell.

30. In or around August 2020, Defendant David Burnette interviewed and hired Plaintiff Geno Carrell.

31. Defendant David Burnette supervised and controlled Plaintiffs' work schedules or the conditions of Plaintiffs' employment.

32. Defendant David Burnette instructed Plaintiffs that the hotel office had to be open from 7 am – 10 pm during the week and from 7 am – 11 pm on weekends.

33. Defendant David Burnette instructed Plaintiffs that they always had to be on site during those hours.

34. Defendant David Burnette determined the rate and method of Plaintiffs' payment of wages.

35. When Plaintiff Candy Carrell confronted Defendant David Burnette about only receiving around $9.00 an hour for the hours her and Geno Carrell were working, he replied, "it's more than that" and "I hired a married couple so I could get two for one."

36. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant David Burnette is subject to

individual and personal liability under the FLSA and AMWS.

37. Defendant Lee Lee Burnette is an Arizona resident.

38. Upon reasonable belief, during Plaintiffs' employment with Defendants, Defendant Lee Lee Burnette and Defendant David Burnette were legally married.

39. Defendant Lee Lee Burnette and Defendant David Burnette have caused events to take place giving rise to this action as to which their marital community is fully liable.

40. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

41. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

42. Defendants, and each of them, are sued in both their individual and corporate capacities.

43. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

44. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

45. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

46. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

47. Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

48. Plaintiffs regularly would use the internet, email, and phone for bookings and confirmations.

49. Plaintiffs are covered employees under individual coverage.

50. Plaintiffs are covered employees under enterprise coverage.

## FACTUAL ALLEGATIONS

51. The entity Defendant is a hotel.

52. On or around September 14, 2020, Plaintiff Candy Carrell commenced employment with Defendants as a property worker.

53. On or around September 14, 2020, Plaintiff Geno Carrell commenced employment with Defendants as a property worker.

54. Plaintiffs primary job duties included overseeing hotel operations.

55. Plaintiffs were each paid $950 every two weeks, no matter how many hours they worked.

56. Therefore, because Plaintiffs did not receive at least $684 per week, they are non-exempt employees.

57. Plaintiff Candy Carrell routinely worked in excess of 40 hours per week.

58. Plaintiff Candy Carrell was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

59. For example, during the workweek of September 14, 2020, Plaintiff Candy Carrell worked at least 80 hours.

60. Plaintiff Geno Carrell routinely worked in excess of 40 hours per week.

61. Plaintiff Geno Carrell was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

62. For example, during the workweek of September 14, 2020, Plaintiff Geno Carrell worked at least 80 hours.

63. At all relevant times during Plaintiffs' employment, Defendants failed to properly compensate Plaintiffs for all their overtime hours.

64. Defendants were aware that Plaintiffs' working hours routinely exceeded 40 hours.

65. Defendants required Plaintiffs to work overtime as a condition of their employment.

66. Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due for overtime hours Plaintiffs worked.

67. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

68. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

69. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

70. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

71. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

72. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

73. Plaintiffs are employees entitled to the statutorily mandated overtime wages.

74. Defendants have intentionally failed and/or refused to pay Plaintiffs' overtime wages according to the provisions of the FLSA.

75. As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

76. In addition to the amount of unpaid overtime wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

77. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

78. Defendants knew Plaintiffs were not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

79. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

80. Defendants have not made a good faith effort to comply with the FLSA.

81. Plaintiffs are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

82. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

83. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

84. Defendants intentionally failed and/or refused to pay Plaintiffs' full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

85. In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

86. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), and treble damages pursuant to A.R.S. § 23-

364(g), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 8, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs

## **VERIFICATION**

Plaintiffs Candy Carrell and Geno Carrell declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Candy Carrell

_____
Geno Carrell

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com